IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA K. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-7-Z-BR |
| | § | |
| CITY OF CHILDRESS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCLOSURES AND AWARDING ATTORNEY'S FEES

### I.    BACKGROUND

On June 17, 2021, Defendant City of Childress filed a Notice of Plaintiff's Failure to Provide Initial Disclosures. (ECF 20). By that notice, Defendant explained that it provided Plaintiff with initial disclosures on May 18, 2021—the date the parties had agreed to exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. (*Id.* at 1). However, Plaintiff's counsel, Katherine Britton, failed to timely provide initial disclosures and also failed to respond to any of Defendant's emails, voicemails, or mail sent via certified mail, return receipt requested in order to obtain those disclosures. (*Id.* at 1–2). Defendant attached copies of that correspondence to its notice. (*Id.* at 4–13).

On June 30, 2021, the Court entered an Order Setting Status Conference. (ECF 21). The Court ordered the parties to communicate (via phone call or other means) by July 7, 2021 and attempt to resolve the abovementioned issues. (*Id.* at 1). The Court ordered Defendant's counsel, Matt Matzner, to file a second notice by July 12, 2021 if he was unable to successfully contact Plaintiff's counsel by July 7, 2021. (*Id.*). Finally, the Court ordered the parties to appear at a status conference on July 13, 2021 at 2:30 p.m. (*Id.*).

Defendant filed a Second Notice Regarding Plaintiff's Initial Disclosures ("Second Notice") on July 12, 2021. (ECF 22). By that notice, Defendant explained that Ms. Britton responded to an email from Mr. Matzner on July 7, 2021. (*Id.* at 1–2). In that email, Ms. Britton represented that she would provide Plaintiff's initial disclosures "by COB Friday." (*Id.* at 2). However, Defendant explained that Plaintiff failed to send initial disclosures by 5:00 p.m. on Friday, and Ms. Britton emailed Mr. Matzner at 5:10 pm to say that she "encountered a bit of a delay with [her] other work" and would "send [the initial disclosures] to [Mr. Matzner] as soon as they are ready today." (*Id.*).

Ms. Britton did not send Mr. Matzner the Rule 26(a)(1) disclosures on Friday; instead, "[a]t approximately 6:18 a.m. on Monday, July 12, 2021, the Plaintiff's counsel sent <u>incomplete</u> initial disclosures." (*Id.* at 3). "Furthermore, Ms. Britton's email accompanying the incomplete initial disclosures did not provide any kind of explanation on why they were late, or why they are still incomplete." (*Id.*). Defendant attached copies of the correspondence to its second notice. (*Id.* at 5–21).

The Court conducted the status conference on July 13, 2021. (*See* ECF 25; ECF 26). Ms. Britton failed to appear at the conference. At the hearing, Mr. Matzner made an oral motion[1] to

---

[1] Pursuant to the Order Regarding Potential Discovery Disputes, this Court requires counsel for any party who intends to file any type of motion related to discovery, including motions to compel, to "first contact opposing counsel and . . . engage in two, separate phone calls to meet and confer in good faith as to a possible resolution of the discovery issues." (*See* ECF 18 at 1). If those phone calls do not resolve the dispute, counsel is directed to contact the undersigned's chambers to receive further instructions on the required joint letter brief to be filed with the Court. (*See id.* at 2). "The parties must engage in this process of meet and confer and letter briefing before filing any discovery motion." (*See id.*).

Due to the exceptional circumstances presented in this case—*i.e.*, an extended period of time in which Defendant's counsel was unable to successfully contact Plaintiff's counsel followed by minimal communication from Plaintiff's counsel to Defendant's counsel and the Court—the Court did not require the parties to file a joint letter brief in this case. (*See* ECF 18 at 2). Rather, the Court required the parties to communicate by July 7, 2021 and ordered that either (1) the parties file a joint advisory if they were able to resolve the dispute or (2) Defendant file a second notice if unable to successfully communicate with Plaintiff's counsel. (ECF 21 at 1–2). Defendant filed a second notice, and the Court proceeded with the status conference, at which Plaintiff's counsel failed to appear, and based on

compel supplemental disclosures and to award Defendant costs and attorney's fees, as requested

in his Second Notice. (*See* ECF 22, 25). The Court also admitted several exhibits[2] introduced by

Defendant at the status conference, including a Declaration of Matt D. Matzner Pursuant to 28

U.S.C. § 1746 ("Declaration") that states the costs and expenses Mr. Matzner incurred through

addressing this discovery dispute. (ECF 25-1).

## II.    STANDARDS FOR CONDUCTING LITIGATION UNDER *DONDI*

As a preliminary matter, the Court notes that the United States District Court for the

Northern District of Texas established standards for properly conducting litigation in *Dondi Props.*

*Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc). The *Dondi*

court, after resolving the issues of the case at hand, laid out a list of rules "as standards of practice

to be observed by attorneys appearing in civil actions in this district[.]" *Id*. at 287. Relevant entries

in that list include,

> (B) A lawyer owes, to the judiciary, candor, diligence and utmost respect.
>
> (C) A lawyer owes, to opposing counsel, a duty of courtesy and cooperation . . . .
>
> . . .
>
> (E) Lawyers should treat each other . . . with courtesy and civility and conduct themselves in a professional manner at all times . . . .
>
> . . .
>
> (I) Lawyers will be punctual in communications with others and in honoring scheduled appearances, and will recognize that neglect and tardiness are demeaning to the lawyer and to the judicial system.

---

these exceptional circumstances found good cause to allow Defendant to make an oral motion to compel during the hearing.

[2] Defendant's exhibits include case filings and docket sheets from other cases in which Ms. Britton represents one of the parties. (*See* ECF 25-2 – ECF 25-11). The Court has reviewed those exhibits and is aware that there have been similar issues related to discovery responses in those other cases involving Ms. Britton. As discussed further *infra*, the Court cautions the attorneys to conduct themselves in accordance with the standards set forth in *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

*Id.* at 287–88. The court in *Dondi* also affirmed its own authority to enforce such standards and warned that counsel who did not comply could expect court action in response. *Id.* at 287. *The undersigned reminds the litigants in the present case that all counsel are expected to comply with the standards set forth in Dondi in their engagements both with the Court and with one another.*

## III.   DEFENDANT'S MOTION TO COMPEL SUPPLEMENTAL INITIAL DISCLOSURES

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to provide each other with initial disclosures within 14 days after the parties' Rule 26(f) conference, unless stipulated otherwise. Fed. R. Civ. P. 26(a)(1)(C). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). For the purposes of a motion to compel disclosure, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Initial disclosures are required to include, among other things, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has . . . and may use to support its claims[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). "Should a party elect to describe, rather than copy, its tangible information, the items' description must be specific enough to allow opposing parties the ability to direct their discovery efforts." *Regions Bank v. Kaplan*, 8:12-CV-1837-T-17MAP, 2013 WL 12341085, at *8 (M.D. Fla. 2013); *see also In re Allstate Life Ins. Co. Litig.*, CV-09-08162-PCT-GMS, 2012 WL 4839933, at *30 (D. Ariz. Oct. 11, 2012) ("Trustee has only disclosed a vague and general list of the types of documents it would like to use . . . . It has not come close to providing either copies or specific descriptions . . . . The information provided lacks the specificity necessary to . . . allow the Defendants to adequately conduct their own discovery.").

4

Plaintiff's disclosures, in relevant part, read as follows:

B.  DISCOVERABLE  DOCUMENTS,  ELECTRONICALLY  STORED INFORMATION & TANGIBLE THINGS

The following is a list of all documents, electronically stored information, and tangible things, described by category and location, that Plaintiff has in her possession, custody, or control and may use to support her claims and defenses:

- Text messages

- Notes

- Correspondence

- Medical records

(ECF 22 at 13).

Defendant argues in its Second Notice that this list is inadequate under Rule 26(a)(1)(A)(ii). (ECF 22 at 3). The Court agrees. Plaintiff's list of vague and general types of documents includes no description by location of any documents, nor any other identifying details, such as dates, authors, recipients, or subject matter, that might let Defendant begin to direct its discovery efforts. *See Regions Bank*, 2013 WL 12341085, at *8. If Plaintiff intends to use text messages, notes, correspondence, or medical records to support her claims, the Federal Rules of Civil Procedure obligate her to disclose them by either providing an unsolicited copy to Defendant or by describing them in enough detail that Defendant might inquire after copies on its own initiative. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii); *see also Allstate,* 2012 WL 4839933, at *30. Such detail must include, at the very least, an identification of the document Plaintiff expects to rely on, a description of it by category, and a description of it by location. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Until such detail is provided, Plaintiff's disclosures are incomplete under Rule

26(a)(1)(A)(ii) and must be treated as a failure to disclose under Rule 37(a)(4).[3]

Accordingly, having considered Defendant's oral motion to compel supplemental disclosures, the Court finds it should be GRANTED. *Plaintiff is ORDERED to supplement her initial disclosures, in full compliance with Rule 26(a)(1), to Defendant on or before **August 6, 2021***.

## IV.    DEFENDANT'S REQUEST FOR ATTORNEY'S FEES

When a motion to compel initial disclosures is granted, or if the disclosure is provided after the motion to compel was made:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Defendant first requested that attorney's fees be awarded in its Second Notice, filed July 12, 2021. (ECF 22 at 4). The Court finds that Ms. Britton was given an opportunity to be heard at

---

[3] The Court notes that in its Second Notice, Defendant only specifically complains about Section B, "Discoverable Documents, Electronically Stored Information & Tangible Things," of Plaintiff's Initial Disclosures. (ECF 22 at 3; *see* ECF 22 at 13–14). As such, the Court has addressed that portion of Plaintiff's Initial Disclosures in the instant Order.

However, the Court also notes that Section A, "Individuals with Discoverable Information," may also be inadequate under Rule 26(a)(1)(A)(ii), which requires, "if known, the address and telephone number" of such individuals; *see Tamas v. Family Video Movie Club, Inc.*, 304 F.R.D. 543, 545 (N.D. Ill. 2015) *and Sender v. Mann*, 225 F.R.D. 645, 651 (D. Colo. 2004). A party need not include details that are neither known <u>nor reasonably available</u> to them, but a failure to have "fully investigated the case" does not exempt any party from their disclosure obligations. *See* Fed. R. Civ. P. 26(a)(1)(E). Therefore, to the extent Plaintiff must supplement Section A in order to comply with Rule 26, Plaintiff is ORDERED to do so on or before August 6, 2021.

the status conference on July 13, 2021, but she failed to appear at the conference. (*See* ECF 25; ECF 26). Defendant also provided information concerning its request for fees through the Declaration presented at the hearing and filed on the record in the case. (ECF 25-1). Plaintiff has not filed a motion or response, or otherwise responded, to Defendant's written or oral requests to the Court as to an award of fees. (*See* ECF 20; ECF 22; ECF 25; ECF 26). Prior to moving for compelled supplemental disclosures, Defendant made numerous good faith attempts to obtain disclosures without court action. (*See* ECF 20; ECF 22). The briefing before the Court shows no substantial justification for Plaintiff's nondisclosure. (*See* ECF 22 at 3). The briefing before the Court also shows no other circumstances that would make an award of expenses unjust. Accordingly, the Court presently finds that none of the exceptions provided by Rule 37(a)(5)(A) apply in this case.

Having considered Defendant's Notice of Plaintiff's Failure to Provide Initial Disclosures (ECF 20), Defendant's Second Notice (ECF 22), and Defendant's oral motion to compel initial disclosures and exhibits introduced at the status conference (*see* ECF 25; ECF 26), including the Declaration (ECF 25-1), the Court finds that Defendant must be granted attorney's fees under Rule 37(a)(5) of the Federal Rules of Civil Procedure.

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). This method multiplies the hours reasonably spent on an issue by an appropriate hourly rate and then uses that product as a lodestar or guiding target. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). After establishing the lodestar figure, the Court may either accept it as the appropriate amount or, in exceptional circumstances, modify it in either

direction according to the circumstances of the case. *See, e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (establishing the factors to be considered when deviating from the lodestar amount), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

The Court finds that the 8.3 hours of time spent by Defendant's counsel on this issue, as reflected in the Declaration (ECF 25-1 at 2), includes only hours spent reasonably resolving the discovery dispute. *See Watkins*, 7 F.3d at 457. The Court further finds that the discounted hourly rate of $210, as quoted in the Declaration (ECF 25-1 at 2), is appropriate for a lawyer of Mr. Matzner's skills, experience, and reputation working in the Northern District of Texas. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The lodestar amount in this case, accordingly, is $1,743.00. The Court further finds that no exceptional circumstances relevant to the *Johnson* factors and not yet covered by the foregoing considerations warrant a variance from the lodestar amount in this case.

*Accordingly, as required by Rule 37(a)(5)(A), Katherine Britton is ORDERED to pay Defendant's reasonable expenses incurred in making its motion to compel, including attorney's fees, in the amount of **$1,743.00**, on or before **August 31, 2021**.*

The Court, out of an abundance of caution and with an eye to fairness for both parties, preemptively grants leave to Katherine Britton to file a notice with this Court no later than **August 6, 2021**, in which Ms. Britton may identify any reasons why an exception under Rule 37 should apply in this case, or alternatively why the amount of attorney's fees awarded by this order is inappropriate. *See* Fed. R. Civ. P. 37(a)(5)(A). If Ms. Britton timely files such notice, the Court will take it under advisement; however, the act of filing such notice in no way relieves Ms. Britton

from her obligation to comply with the terms of this order. If Ms. Britton does not timely file such notice, the Court will take that as Ms. Britton's concession that no Rule 37 exceptions apply and the amount of attorney's fees ordered is appropriate.

## V.   NOTICE REGARDING FUTURE DISCOVERY ISSUES

Finally, on account of the issues the Court has already had to address in this case, both parties are admonished that compliance with any and all future discovery deadlines, as mandated either by the orders of this Court or by the Federal Rules of Civil Procedure, will be fully expected at all times.[4]

IT IS SO ORDERED.

ENTERED July 30, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[4] The discovery schedule, once established, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). The Court considers four factors when determining whether good cause exists to modify a scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the Court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3D 253, 257 (5th Cir. 1997).