## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS,<br>　　*Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| | § | |
| CITY OF CHILDRESS,<br>　　*Defendant.* | § | |
| | § | |

### DEFENDANT'S MOTION AND BRIEF FOR LEAVE TO FILE
### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

Defendant City of Childress seeks leave to file an answer and affirmative defenses to the Plaintiff's Complaint, Doc. 1.

Defendant City of Childress seeks leave to file an answer and affirmative defenses outside of the deadline set forth in Federal Rule of Civil Procedure 12, because it relied in good faith on the representations of the Plaintiff's counsel that she would be filing a motion for leave to amend her complaint during the week beginning September 20, 2021.[1]  *See* Ex. A (Decl. of Matt D. Matzner at ¶ 2).  Because of this, Defense counsel removed the deadline that was on September 17, 2021, with the intention of filing another Rule 12 motion or an Answer after the Plaintiff filed her Amended Complaint so that only one responsive pleading was filed in order to lower defense costs.  However, contrary to these representations, the Plaintiff's counsel did not file a second motion for leave.  On October 4, 2021 at 4:59 p.m. the Plaintiff's counsel sent an e-mail

---

[1] This occurred after the Court struck and unfiled the Plaintiff's procedurally defective Motion to file an Amended Complaint.  *See* Doc. 37.

communication which threatened to file a motion for partial default judgment against the City of Childress, necessitating this Motion for Leave. *See* Ex. A (Decl. of Matt D. Matzner at ¶ 5).

This request for leave to file an Answer and Affirmative Defenses is the result of Defense counsel's good faith reliance on the representations of the Plaintiff's counsel, and should be granted under the excusable neglect factors detailed in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388 (1993). As detailed herein, the request for leave should be granted because (i) the Plaintiff will not be prejudiced by the late filed motion (filed approximately 18 days after the deadline); (ii) the case will not be delayed; (iii) the proceedings will not be affected; and (iv) because the movant acted in good faith by waiting on the Plaintiff's counsel to file an amended complaint in an attempt to conserve resources and prevent unnecessary filings. The Amended Complaint, which was filed and then stricken, would have rendered an answer to the original complaint moot and necessitated the filing of another responsive pleading.

The need to seek leave to file an answer past the applicable deadline was a result of defense counsel's good faith reliance on the representations of the Plaintiff's counsel that she would be filing an amended complaint. *See* Ex. A (Decl. of Matt D. Matzner at ¶¶ 5, 7, and 9).

## I.
### RELEVANT TIMELINE OF CASE EVENTS

The Plaintiff filed her Original Complaint on January 12, 2021. *See* Doc. 1. The City of Childress filed a Motion to Dismiss the claims against it on March 12, 2021. *See* Doc. 7. Because the City sought to dismiss each claim asserted in the Plaintiff's Complaint, it was not required to file an answer to the allegations in the Complaint. *See* FED. R. CIV. P. 12(a)(4), 12(b)(6). The Court issued a ruling on this Motion to Dismiss on September 3, 2021. *See* Doc. 34. In the ruling

the Court granted in part Defendant's Motion to Dismiss and dismissed the Plaintiff's (1) ADA retaliation, (2) ADEA retaliation, (4) ERISA interference, (5) Texas Whistleblower Act, and (6) Section 1983 claims. *See* Doc. 34 at 16. The Court denied Defendant's Motion as to the Plaintiff's FMLA retaliation and inference claims and granted the Plaintiff leave to amend her ADA discrimination claim. *Id.* Based on the deadline set forth in Federal Rule of Civil Procedure 12(a)(4) the deadline for answer the remaining claims was September 17, 2021.

### A. The Plaintiff Filed A Motion to Amend and Amended Complaint

On September 10, 2021, the Plaintiff filed a Motion to Amend/Correct Complaint and an Amended Complaint. *See* Docket Sheet 2:21-cv-00007-Z-BR unfiled entries Docs. 35, 36. The Court entered an Order on September 13, 2021 Striking and Unfiling Plaintiff's Motion for Leave and her Amended Complaint. *See* Doc. 37. This Order instructed the Plaintiff to include a certificate of conference and follow the correct procedure for filing a motion for leave. *Id.* The Amended Complaint filed on September 10, 2021 included new causes of action that were not previously asserted in the Original Complaint and which would have to be addressed by Defendants in a responsive pleading.

Consistent with the Court's instructions on September 16, 2021, the Plaintiff's counsel reached out via e-mail to set up a time to confer regarding her Motion for Leave to file an Amended Complaint. *See* Ex. A (Decl. of Matt D. Matzner at ¶¶ 1-2); *see also* Ex. 1 (email between counsel). Her e-mail stated among other things, "I also need to confer with you about my motion to amend pleadings." *See* Ex. 1 (email between counsel). During the resulting conference on September 17, 2021 the Plaintiff's counsel represented that she would be filing a Motion for Leave to file her amended complaint the next week which began on September 20, 2021. *See* Ex. A (Decl. of Matt D. Matzner at ¶ 2). As a result of the Plaintiff's counsel representations the deadline to file an

answer or respond to the Complaint was removed from the calendaring system of Defense counsel with the intent that when an amended complaint was filed the deadline to respond it would be calendared again. Unfortunately, this never occurred and defense counsel must now seek leave to file an Answer to a complaint that it believed would be amended.

Counsel for the City of Childress relied on the representations of the Plaintiff's counsel in good faith that she would be amending her complaint, and because the Court had already provided her leave to do so with regard to her ADA claim, it intended to respond appropriately to the amended pleading. *See* Ex. A (Decl. of Matt D. Matzner at ¶¶ 2-3).

### B. Plaintiff's Counsel Threatened to File a Motion for Default Judgment

On October 4, 2021 at 4:59 p.m. the Plaintiff's counsel sent an e-mail threatening to file a Motion for Partial Default on her FMLA claims due to the fact that an answer had not been filed. *See* Ex. 2 (email between counsel). In response to the Plaintiff's e-mail communication Defense counsel responded and explained that the parties' resources and time would be better spent if the Plaintiff filed her amended complaint and the Defendants responded to it. Additionally, Defense counsel cited a recently issued opinion by Senior United States District Judge Sam Cummings in Northern District of Texas Cause No. 5:17-CV-052-C, *United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al.* In that case, the relator also requested entry of default to the clerk pursuant to Federal Rule 55(a) of the Federal Rules of Civil Procedure because the Defendants had not filed an answer following the denial of a Motion to Dismiss for 73 days. *See* Cause No. 5:17-CV-052-C, *United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al,* Docs. 140, 142-143. In ruling on the Request for Default, Judge Cummings ordered the Defendants to file an answer and denied the Realtor's Request for Entry of Default and First Amended Application for Default Judgment. *See* Order, Doc. 147 in Cause No. 5:17-

CV-052-C, *United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al.* The Order of Judge Cummings stated that:

> "As a general rule, the clerk of court should not make an entry of default if the defendant has answered, filed a motion to dismiss, or taken some action to otherwise defend." *Metropolitan Life Ins. Co. v. Goswick*, 2008 WL 11449057, at *1 (N.D. Tex. Apr. 4, 2008). Moreover, "[c]ourts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint." *Parker v. Bill Melton Trucking Inc.*, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016)(citations omitted).

*See* Order, Doc. 147 n.1 in Cause No. 5:17-CV-052-C, *United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al.*

This is consistent with Fifth Circuit precedent which holds that in regards to requests for default judgments "[t]he Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default Judgments are drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

## II.
### PURSUANT TO THE EXCUSABLE NEGLECT FACTORS THE CITY OF CHILDRESS SHOULD BE GRANTED LEAVE TO FILE AN ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B). The City of Childress explains why under the four "excusable neglect" factors in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388 (1993), the Court should grant the City of Childress leave to file an answer to the Plaintiff's Original Complaint. "Excusable neglect

---

is an 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Zamarripa v. Farrakhan*, 3:16-CV-3109-S-BH, 2019 WL 1015095, at *3 (N.D. Tex. Jan. 15, 2019)(citing to *Pioneer Inv. Servs. Co.*, 507 U.S. at 392 (1993)).   The four 'excusable neglect factors' are (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Artho*, 621 B.R. 123, 125–26 (N.D. Tex. 2020), appeal dismissed sub nom. *Matter of Artho*, 20-11146, 2021 WL 1979075 (5th Cir. Jan. 4, 2021).

### A. There Is No Prejudice To The Opposing Party

Here because the parties have engaged in Motion to Dismiss briefing and collaborated on a Joint Proposed Scheduling Order, as well as discovery, the Plaintiff is well aware of the claims and defenses of the City of Childress as these were contained in these documents. *See* Docs. 7, 14, 15, and 16.   Additionally, under the Court's scheduling order the discovery deadline in this case is on March 11, 2022. *See* Doc. 17, scheduling order.   For these reasons the granting of a Motion for Leave will not cause the Plaintiff surprise, delay, or result in any loss of evidence or difficulties in discovery.

The Fifth Circuit in *Lacy v. Sitel Corp.*, overturned a default judgment entered after a litigant mistakenly believed that service had not yet been effected and failed to answer. *Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000).   In determining if the plaintiff was prejudiced by the setting aside of the default the Fifth Circuit ruled that "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). The Fifth Circuit also explained that "mere delay does not alone constitute prejudice," and that "the plaintiff must show that the

delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities of fraud and collusion." *Id.* (citing to *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)).

In *Mattress Giant Corp. v. Motor Advertising & Design*, Inc., Judge Fitzwater granted a motion for an extension of time finding that the party's untimely responsive pleading was a result of excusable neglect and because the delay was "fewer than three weeks after the deadline had passed," the opposing party would not suffer prejudice. *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, CIV.A.3:07CV1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008). Similarly, in granting a motion to set aside a default judgment based on excusable neglect other courts have held that the fact that setting aside of default will require plaintiffs litigate their claims is insufficient to demonstrate prejudice. *Verity Instruments, Inc. v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (requirement that plaintiffs litigate their claims caused no unfair prejudice); *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

## B. Granting the Motion for Leave Will Not Delay the Case or Affect the Proceedings

In this case because the proposed Answer and Affirmative Defenses is not a document that requires responsive briefing or court action there will be no delay in the proceedings by the filing of it. Under the Court's Scheduling Order the summary judgment deadline is January 7, 2022; the discovery deadline is approximately five months away on March 11, 2022; and trial ready date is June 20, 2022. *See* Doc. 17, Court's Scheduling Order. The filing of an answer and affirmative defenses, containing largely the same information contained in the Proposed Joint Scheduling Order, Section 1(a) Nature of the Case/Contentions of the Parties will not delay the case or affect the proceedings.

### C. The Reason for the Delay in Filing The Answer Was Inadvertent

As explained above the reason the City of Childress delayed in filing an answer was because it was waiting on the amended complaint to be filed as represented by the Plaintiff's Counsel. *See* Ex. A (Decl. of Matt D. Matzner at ¶¶ 3, 5, and 9); Ex. 2 (email between counsel). Following a conference that arose following the filing of an amended complaint without leave of court, it was reasonable for defense counsel to rely on the representations of the Plaintiff's Counsel that she would soon be filing a motion for leave to file an amended complaint the following week. *See* Ex. A (Decl. of Matt D. Matzner at ¶ 2). As a result of these representations the deadline to answer the Original Complaint was removed from the calendaring system with the intent to calendar a new answer deadline once the amendment was properly on file. *See* Ex. A (Decl. of Matt D. Matzner at ¶ 3).

Courts in the Northern District of Texas have found that similar circumstances constitute excusable neglect. In *Parker v. Bill Melton Trucking*, the defendant delayed in filing its answer for almost one hundred and fifty days due to the departure of an attorney assigned to the case and failure to properly calendar the need to file an answer. *Parker v. Bill Melton Trucking Inc.*, 3:15-CV-2528-G, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016). Because the defendant was active in defending the litigation because it filed an answer to the plaintiff's original petition, removed the action from state court to federal court, objected to the plaintiff's motion to remand, participated in discovery, and attempted to file its answer to the plaintiff's first amended complaint the court held that "[t]his is not a situation where the defending party has failed to make any type of appearance or has not contested the merits of the case." *Id.* at *2. As a result, the court concluded that the defendant's actions constituted excusable neglect and granted the motion for leave to file an answer. *Id.* at *3.

Likewise, in *Moundsville Water Bd. v. Shook, Inc. Heavy & Environmental Div.*, following the denial of a motion to dismiss a defendant failed to timely answer the complaint and moved for leave to file an answer and because the plaintiff would not be prejudiced, and the impact on judicial proceedings minimal the court allowed the filing finding the circumstances demonstrated excusable neglect. *Moundsville Water Bd. v. Shook, Inc. Heavy & Environmental Div.*, 2011 WL 666470, (N.D. West Virginia Feb. 14, 2011).

Likewise, in *Mottley v. Maxim Crane Works, L.P.* 2009 WL 3199179 (D.V.I. 2009), a defendant filed a motion to dismiss that was litigated for almost two years. *Mottley v. Maxim Crane Works, L.P.* 2009 WL 3199179, *1 (D.V.I. 2009). After it was denied, the parties continued with discovery and proceeded as though an answer had been filed. *Id.* The district court denied a motion to strike the late filed answer because pursuant to the *Pioneer* factors the court held that the defendant's failure to file the answer within the specified time was merely an oversight or inadvertence and constituted excusable neglect under the court's authority to accept late filings. *Id.*

## C. The Defendants Have Acted in Good Faith

As evident from the docket sheet in this case the Defendants have acted in good faith and the delay in filing an answer was due to the timing of a series of events: the Court's ruling on the motion to dismiss, followed by the Plaintiff's filing of an Amended Complaint without leave of Court, and then the subsequent striking of that complaint and the resulting conferences between counsel following that series of events during which time the Plaintiff's counsel stated that she would be filing an amended complaint the next week. As a result, counsel for the Defendant inadvertently made a calendaring error in reliance on the promised amendment. *See* Ex. A (Decl. of Matt D. Matzner at ¶¶ 3 and 9). This was reasonable considering that defense counsel had

previewed the amended complaint when it was filed on September 10, 2021 and then was stricken by the Court. *See* Ex. B (Decl. of Morgan Day Vaughan at ¶ 3). Defense counsel believed the new amended complaint would require an extensive responsive pleading based on the inclusion of new causes of action within the September 10, 2021 filed amendment. *See* Ex. B (Decl. of Morgan Day Vaughan at ¶ 3). Throughout this litigation defendants have met the deadlines established by this Court and have participated in discovery and at all hearings set by the Court in a good faith effort to resolve this litigation. Additionally, the Defendants are seeking leave to file an answer that is only approximately three weeks overdue and this small delay will not impact the overall proceedings in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Childress respectfully requests leave be granted to file the proposed Answer and Affirmative Defenses to the Plaintiff's Original Complaint attached hereto as Exhibit C, Proposed Answer.

Respectfully submitted,

*/s/ Matt D. Matzner*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
**Counsel for Defendant City of Childress**

## CERTIFICATE OF CONFERENCE

On October 4, 2021 the undersigned counsel conferred with the Plaintiff's counsel, via email at 5:27 p.m. concerning this motion, but she did not answer whether she was opposed or unopposed.  The email is Exhibit 2 to this Motion.  Therefore, the Court should presume that the motion is opposed.

*/s/ Matt D. Matzner*
OF COUNSEL

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 5th day of October, 2021, served as follows:

**VIA ECF**
Katherine Britton
1800 Main Street, No. 1802
Dallas, Texas 74201
kbritton@protonmail.com
***Counsel for Plaintiff***

*/s/ Matt D. Matzner*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS,<br> *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| | § | |
| CITY OF CHILDRESS,<br> *Defendant.* | § | |
| | § | |

**DECLARATION OF MATT D. MATZNER PURSUANT TO 28 U.S.C. § 1746**

NOW COMES Matt D. Matzner, and states the following pursuant to 28 U.S.C. § 1746:

"My name is Matt D. Matzner.  I have personal knowledge of the facts stated herein.  The facts stated herein are true and correct.

1. I am lead counsel for Defendant City of Childress.  In this litigation the attorneys for the parties have disagreed on discovery issues, and in an attempt to try and resolve them the attorneys agreed to have a telephone conference on Friday, September 17, 2021.  In an email dated September 16, 2021 the Plaintiff's counsel, Katherine Britton, stated, *inter alia*, that she also needed to confer with the defense counsel about her motion to amend pleadings.  *See* Exhibit 1.  Exhibits 1 and 2 are true and correct copies of email correspondence exchanged between the attorneys.

2. During the telephone conference on September 17, 2021 three people were on that call: Plaintiff's counsel, Katherine Britton, defense counsel, Morgan Day Vaughan, and me.  During that telephone call which was long, the attorneys discussed numerous discovery issues, depositions, experts, possibly amending the scheduling order, as well as the causes of action that the Plaintiff's counsel was intending to include in an amended complaint, and when she intended to file the amended complaint.  The Plaintiff's counsel informed defense counsel that she intended to file the amended complaint during the week of September 20th.

3. Because the Plaintiff's counsel was going to file the amended complaint the next week, defense counsel removed the answer deadline from the calendar believing that it was no longer necessary because an amended complaint would be filed the next week.

4. Between September 17th and 4:58 p.m. on October 4th, the Plaintiff's counsel provided authorizations to obtain income tax and social security records, verification pages to interrogatories, and supplemented requests for production.  During that time period the Plaintiff's counsel never advised counsel for the Defendant that she would not be filing an amended complaint.


EXHIBIT
A

5.   At 4:59 p.m. on October 4, 2021 the Plaintiff's counsel sent an email to me advising that she would be seeking a partial default judgment on the FMLA claim. *See* Exhibit 2. This was a complete surprise to me. I therefore, quickly examined relevant case law which I knew reflected that a default judgment was improper when a Rule 12 motion had been filed. Therefore, at 5:27 p.m. I sent an email to Katherine Britton explaining that she represented that she would be filing an amended complaint and that I had been waiting for her to do this. My email also explained that the default was improper, contrary to *Dondi*, and then provided case law supporting my position. I also advised her if she sought a partial default that she would be wasting the Court's time and that I would now have to move forward with filing an answer or leave to do so. *See* Exhibit 2.

6.   At 5:38 p.m. on October 4, 2021 Ms. Britton responded and stated that she would be asking the Court to enter a partial default, not the clerk, which she somehow believes is a difference. She also stated that she would be looking at the case law that I provided to her. *See* Exhibit 2.

7.   At 5:51 p.m. on October 4, 2021 I responded to her last email, again explaining that she had no legal grounds for seeking a partial default, and indicated that I would try to find additional case law and I also suggested that we have a conference the next day after my mediation in another case ended. *See* Exhibit 2.

8.   At 6:00 p.m. on October 4, 2021 Ms. Britton responded, and was galvanized in her position that she was entitled to a partial default judgment. *See* Exhibit 2.

9.   The failure to file an answer within the time set forth in the Federal Rules of Civil Procedure was not intentional. I relied upon Ms. Britton's representation that she would be filing an amended complaint. All of our actions with each other between September 17, 2021 until 4:59 p.m. on October 4, 2021 gave me no reason to believe that Ms. Britton was not going to file an amended complaint, but would instead be seeking partial default. I am an attorney who has been licensed since 1996. I have never had an attorney who practices in Federal Court take the position that Katherine Britton is doing, particularly when presented with controlling case law. I believe that her actions are mean-spirited and not consistent with the mandate of *Dondi Properties Corp. v. Commerce Sav. and Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

I declare under penalty of perjury that the foregoing is true and correct."

Executed on October 5, 2021.

*/s/ Matt D. Matzner*
MATT D. MATZNER

**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Thursday, September 16, 2021 7:57 AM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** Re: Williams v. City of Childress--Discovery Issues

Good morning, Matt
Thanks for your email. I understand your frustration and I will provide the discovery that I have promised.
The other issues might need to be resolved through a motion to compel and/ or a motion for a protective order.
I also need to confer with you about my motion to amend pleadings.
If you'd like to discuss the expert deadline we can do that. I'm not using an expert in this case and I'm not sure if you would like to designate an expert but if so we can talk about that.
I will give to a call tomorrow before 3 to discuss.
I hope you have a good rest of the day and I look forward to having a productive discussion with you tomorrow.

Thank you
Katherine


On Wed, Sep 15, 2021 at 23:48, Matt Matzner <mmatzner@cdmlaw.com> wrote:
Katherine,

I sent you the email below last week (on Wednesday) about having a second discovery conference the next day, Thursday, between 2:30 p.m. and 3:30 p.m. This was in response to your request for an alternative time. However, you have never responded. Instead, you were active in filing a motion for leave to file an amended complaint (and an amended complaint) shortly before midnight on Friday, September 10th. A full week has transpired since my email to you about a conference.

If we do not verbally confer and reach an agreement on the outstanding discovery issues by 3:00 p.m. tomorrow I will no longer engage in attempts to resolve this discovery matter without Court intervention. Many, many weeks have passed and I still do not have proper discovery responses.

Furthermore, and compounding the delay in getting discovery, you have refused to waive the time period for my outside records service to obtain medical records via a deposition on written questions which you (or your client) delayed in getting me discovery responses/authorizations. I cannot now obtain the records until after my expert deadline passes. There is no legitimate reason for you to refuse to waive the notice period because you asserted no objection to interrogatories or requests for production relating to the medical issue/authorizations. This is another violation of Dondi. For many reasons I will now be in a position to have to ask the Court to extend the Defendant's expert designation deadline and expert report deadline by at least 45 days. Consider this a certificate of conference on extending those deadlines. Furthermore, I must have all documents before taking your client's deposition.

This shall constitute again my good faith effort to resolve the discovery dispute without Court intervention, but I will be seeking attorney's fees/sanctions unless all outstanding discovery and proper (non-medical) authorizations are received by 2:00 p.m., tomorrow. This deadline is not unreasonable. You have had many weeks to complete discovery. I have explained the problems

EXHIBIT
1

with the authorizations and the non-responses to discovery.  I have provided you with case law, but proper responses have not been received.

Sincerely,

/s/ Matt D. Matzner

Sent from my iPad


On Sep 8, 2021, at 5:11 PM, Matt Matzner <mmatzner@cdmlaw.com> wrote:

We can be available tomorrow afternoon between 2:30 and 3:30.  If something in that slot works, let me know.

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:

<image001.gif>


**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Wednesday, September 8, 2021 10:35 AM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** RE: Williams v. City of Childress--Discovery Issues

Hi Matt and Morgan,

Is there another time today that works for you or tomorrow any time after 10:30am?
Thanks,

Katherine

Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com

**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Monday, October 4, 2021 6:00 PM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** RE: Williams v. City of Childress

Hi Matt,

Please call me at your earliest convenience tomorrow. Absent good cause, default judgments have been entered.  The rules are clear on the effects of filing a Rule 12 motion and when a party has to respond. A motion to amend a complaint does not change the time that a party has to respond. I look forward to speaking with you soon and I wish you the best on your mediation.
Thanks,
Katherine


Katherine E. Britton
(214) 475-2810
kbritton@protonmail.com


------- Original Message -------
On Monday, October 4th, 2021 at 5:51 PM, Matt Matzner <mmatzner@cdmlaw.com> wrote:


Katherine,

I have a mediation tomorrow starting early and can't confer until it is over, but you have no legal grounds for entry of a partial default regardless of whether you ask the clerk or the Court because I have already made an appearance and filed a Rule 12 Motion.

I would request that you hold off on filing your motion until we have a chance to talk, which will be tomorrow afternoon.  I'll try and find you additional case law between now and then.

I think all our time (including the Court's) is better spent if you file your amended complaint like you told me you would be doing.  Then I can respond to that pleading instead of having to deal with an attempt to obtain a default that won't be entered, based on case law.

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281

EXHIBIT
2
ALL-STATE LEGAL®

806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:



**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Monday, October 4, 2021 5:38 PM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** RE: Williams v. City of Childress

Matt,

I will be asking the court to enter a partial default judgement on my FMLA claims not the clerk. I'll take a look at the case you cited if it is a published option but I believe that the rules are clear. If you'd like to discuss please let me know.

Thanks,

Katherine

On Mon, Oct 4, 2021 at 17:27, Matt Matzner <mmatzner@cdmlaw.com> wrote:

Katherine,

When we last spoke you stated that you were filing an amended complaint after your prior one was stricken, and I have been waiting for you to do this. I believe that an seeking a default is improper, and contrary to *Dondi*, especially when I have already filed a Rule 12 motion.

You do not have legal authority to seek entry of a default. "As a general rule, the clerk of court should not make an entry of default if the defendant has answered, filed a motion to dismiss, or taken some action to otherwise defend." Metropolitan Life Ins. Co. v. Goswick, 2008 WL 11449057, * 1 (N.D. Tex. April 4, 2008). Moreover, "[c]ourts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint." Parker v. Bill Melton Trucking Inc., 2016 WL, 1750643, at *2 (N.D. Tex. May 3, 2016) (citations omitted).

Judge Cummings denied a motion for default in Cause No. 5:17-CV-052-C, United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al. when the plaintiff attempted to do the same things when a Rule 12 motion had been filed.  This was Document No. 147.  I believe that Magistrate Judge Reno and/or Judge Kacsmaryk will do the same.

If you try and seek entry of default I will attach this email showing that you were provided with legal authority showing that your motion is frivolous.  Therefore, I strongly caution you not to waste the Court's time.  Now that I know what you are up to I will be filing an answer tomorrow and/or a motion for leave.  This will constitute my certificate of conference in the event that I determine that I need to file a motion for leave.

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:



**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Monday, October 4, 2021 4:59 PM
**To:** Matt Matzner <mmatzner@cdmlaw.com>; Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** Williams v. City of Childress

Hi Matt,

I plan to file a motion for a partial default judgment on my FMLA claims since defendant has failed to timely answer the complaint or obtain an extension. Please let me know if you are opposed.

Thanks,

Katherine

Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| | § | |
| CITY OF CHILDRESS, | § | |
| *Defendant.* | § | |

## DECLARATION OF MORGAN DAY VAUGHAN PURSUANT TO 28 U.S.C. § 1746

NOW COMES Morgan Day Vaughan, and states the following pursuant to 28 U.S.C. § 1746:

"My name is Morgan Day Vaughan. I have personal knowledge of the facts stated herein. The facts stated herein are true and correct.

1.  I am an attorney representing Defendant City of Childress. I was present during a telephone conference on Friday, September 17, 2021 in the above captioned case. During this conference call all of the attorneys, Matt D. Matzner, Katherine Britton and myself, discussed various issues related to discovery and the Plaintiff's desire to amend her pleadings following the Court's striking of her Amended Complaint on September 13, 2021.

2.  During this extended telephone conference the Plaintiff's counsel informed defense counsel that she intended to file a motion for leave to amend her complaint the next week. The Court had previously granted the Plaintiff the ability to amend her ADA claim within the ruling on the Motion to Dismiss entered on September 3, 2021.

3.  Because the Plaintiff's counsel was going to file the amended complaint, after already having been granted leave to amend her ADA claim and having already filed one amended complaint on September 10, 2021, defense counsel removed the answer deadline from the calendar believing that it was no longer necessary because an amended complaint would be filed the next week. After having already previewed the amended complaint filed on September 10, 2021 defense counsel believed the new amended complaint would require an extensive responsive pleading based on the inclusion of new causes of action within the September 10, 2021 filed amendment.

EXHIBIT
B

4.      The failure to file an answer within the time set forth in the Federal Rules of Civil Procedure was not intentional.  I relied upon Ms. Britton's representation that she would be filing an amended complaint in removing the answer deadline from the calendaring system and did not re-calendar it or seek leave or clarification when an amended pleading was not filed.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on October 5, 2021.

/s/ Morgan Day Vaughan
MORGAN DAY VAUGHAN

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| | § | |
| CITY OF CHILDRESS, | § | |
| *Defendant.* | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

COMES NOW Defendant City of Childress and files its Answer and Affirmative Defenses to Plaintiff's Complaint, and in support thereof would show the Court as follows:

**I.**
**ANSWER[1]**

**PARTIES AND SERVICE**

1.0 As to the averment set forth in ¶ 1 of Plaintiff's Complaint, the Defendant admits this averment.

2.0 As to the averment set forth in ¶ 2 of Plaintiff's Complaint, the Defendant admits that it may be served with process by service on the City Manager, but denies that Steven Bird is the City Manager.

**JURISDICTION AND VENUE**

3.0 As to the averments set forth in ¶ 3 of Plaintiff's Complaint, the Defendant admits only that this Court has jurisdiction because federal causes of action were asserted; however, the

---

[1]Unless specifically admitted or an otherwise qualified response provided, each averment in the Plaintiff's Complaint is denied.

Defendant otherwise denies that the Plaintiff is entitled to relief based upon any facts or legal theories asserted.

4.0     As to the averment set forth in ¶ 4 of Plaintiff's Complaint, the Defendant denies that the Court has supplemental jurisdiction because the state law claim has been dismissed.

5.0     As to the averments set forth in ¶ 5 of Plaintiff's Complaint, the Defendant admits only that this Court has jurisdiction and venue is proper in the Amarillo Division of the Northern District of Texas, but otherwise denies that it discriminated against the Plaintiff.

#### CONDITIONS PRECEDENT

6.0     As to the averments set forth in ¶ 6 of Plaintiff's Complaint, the Defendant denies that all conditions precedent to jurisdiction have been complied with; the Defendant denies that the Plaintiff properly filed a charge of discrimination with the EEOC, and the Defendant also denies that an "Exhibit A" is attached to the Complaint.

7.0     As to the averments set forth in ¶ 7 of Plaintiff's Complaint, the Defendant denies that the Plaintiff was on FMLA leave.  The Defendant denies that Plaintiff provided notice of FMLA leave.  With respect to ¶ 7(a) the Defendant is without knowledge or information sufficient to admit or deny that the Plaintiff was employed by "Jarvis" during the time period alleged.  With respect to ¶ 7(b) the Defendant admits only that it was the employer of the Plaintiff during the time period alleged, and that the Plaintiff was a full time employee, but otherwise denies that the Plaintiff was on FMLA leave, or qualified for FMLA leave.  The Defendant denies the remainder of the averments in ¶ 7.

#### FACTUAL ALLEGATIONS

8.0     As to the averment set forth in ¶ 8 of Plaintiff's Complaint, the Defendant admits this averment.

9.0    As to the averment set forth in ¶ 9 of Plaintiff's Complaint, the Defendant denies this averment.

10.0    As to the averment set forth in ¶ 10 of Plaintiff's Complaint, the Defendant denies this averment.

11.0    As to the averment set forth in ¶ 11 of Plaintiff's Complaint, the Defendant admits this averment.

12.0    As to the averments set forth in ¶ 12 of Plaintiff's Complaint, the Defendant admits only that the Plaintiff visited a doctor during her employment, but is otherwise without knowledge or information sufficient to admit or deny the remaining portions of the averment.

13.0    As to the averments set forth in ¶ 13 of Plaintiff's Complaint, the Defendant is without knowledge or information sufficient to admit or deny the averment.

14.0    As to the averment set forth in ¶ 14 of Plaintiff's Complaint, the Defendant denies this averment.

15.0    As to the averment set forth in ¶ 15 of Plaintiff's Complaint, the Defendant admits this averment.

16.0    As to the averments set forth in ¶ 16 of Plaintiff's Complaint, the Defendant denies these averments.

17.0    As to the averments set forth in ¶ 17 of Plaintiff's Complaint, the Defendant admits only that the Plaintiff interacted with the public as part of her job duties, but is otherwise without knowledge or information sufficient to admit or deny the remaining portions of the averments.

18.0    As to the averments set forth in ¶¶ 18-19 of Plaintiff's Complaint, the Defendant denies these averments.

19.0    As to the averments set forth in ¶¶ 20-21 of Plaintiff's Complaint, the Defendant denies these averments.

20.0    As to the averment set forth in ¶¶ 22-23 of Plaintiff's Complaint, the Defendant denies these averments.

21.0    As to the averments set forth in ¶ 24 of Plaintiff's Complaint, the Defendant is without knowledge or information sufficient to admit or deny these averments as to Mayor Cary Preston.  The Defendant denies the remainder of the averments set forth in ¶ 24.

22.0    As to the averment set forth in ¶¶ 25-29 of Plaintiff's Complaint, the Defendant denies these averments.

23.0    As to the averments set forth in ¶ 30 of Plaintiff's Complaint, the Defendant admits only that the Plaintiff made a Charge of Discrimination dated August 21, 2019 with the EEOC and is without knowledge or information sufficient to admit or deny the remainder of the averment.

24.0    As to the averments set forth in ¶ 31 of Plaintiff's Complaint, the Defendant denies the averments.

25.0    As to the averment set forth in ¶ 32 of Plaintiff's Complaint, the Defendant admits that the Plaintiff called the police during her employment at the City of Childress but otherwise is without knowledge or information sufficient to admit or deny the averment.

26.0    As to the averment set forth in ¶ 33 of Plaintiff's Complaint, the Defendant admits that the Plaintiff was issued two written warnings, but denies the remainder of the averment.

27.0    As to the averment set forth in ¶ 34 of Plaintiff's Complaint, the Defendant is without knowledge or information sufficient to admit or deny the averment.

28.0    As to the averment set forth in ¶ 35 of Plaintiff's Complaint, the Defendant admits that the Plaintiff was granted leave from work in March 2020 under certain conditions but denies the remainder of the averment.

29.0    As to the averment set forth in ¶ 36 of Plaintiff's Complaint, the Defendant admits that that Plaintiff's doctor sent a fax to Defendant's human resources department but denies the remainder of the averment.

30.0    As to the averment set forth in ¶ 37 of Plaintiff's Complaint, the Defendant admits that the Plaintiff's husband and daughter contacted the Defendant requested that Plaintiff be placed on leave but denies the remainder of the averment.

31.0    As to the averment set forth in ¶ 38 of Plaintiff's Complaint, the Defendant admits that on April 7, 2020 the Plaintiff received a letter from the City Attorney regarding Plaintiff's request for leave and explaining that the Plaintiff would need to fill out FMLA paperwork "as soon as practicable so that your eligibility for FMLA leave can be ascertained." The Defendant denies the remainder of the averment in ¶ 38.

32.0    As to the averment set forth in ¶ 39 of Plaintiff's Complaint, the Defendant denies this averment.

33.0    As to the averment set forth in ¶ 40 of Plaintiff's Complaint, the Defendant admits that the Plaintiff was away from work with Defendant's permission.

34.0    As to the averment set forth in ¶ 41 of Plaintiff's Complaint, the Defendant denies the averment.

35.0    As to the averment set forth in ¶ 42 of Plaintiff's Complaint, the Defendant denies the averment.

36.0    As to the averments set forth in ¶¶ 43-46 of Plaintiff's Complaint, the Defendant denies these averments.

37.0    As to the averment set forth in ¶ 47 of Plaintiff's Complaint, the Defendant admits the averment.

38.0    As to the averment set forth in ¶ 48 of Plaintiff's Complaint, the Defendant denies the averment.

**COUNT 1:**

**ADA RETALIATION**

39.0    It is unnecessary for the Defendant to admit or deny the allegations in ¶¶ 49-52 of Plaintiff's Complaint related to ADA retaliation because the Court dismissed this claim on September 3, 2021. *See* Doc. 34.

**COUNT 2:**

**ADEA RETALIATION**

40.0    It is unnecessary for the Defendant to admit or deny the allegations in ¶¶ 53-55 of Plaintiff's Complaint related to ADEA retaliation because the Court dismissed this claim on September 3, 20201. *See* Doc. 34.

**COUNT 3:**

**ADA DISCRIMINATION**

41.0    As to the averment set forth in ¶ 56 of Plaintiff's Complaint, the Defendant denies the averment.

42.0    As to the averment set forth in ¶ 57 of Plaintiff's Complaint, the Defendant admits this averment.

43.0    As to the averment set forth in ¶ 58 of Plaintiff's Complaint, the Defendant admits this averment.

44.0    As to the averment set forth in ¶ 59 of Plaintiff's Complaint, the Defendant denies this averment.

45.0    As to the averment set forth in ¶ 60 of Plaintiff's Complaint, the Defendant denies this averment.

## COUNT 4:

### ERISA INTERFERENCE

46.0    It is unnecessary for the Defendant to admit or deny the allegations in ¶¶ 61-64 of Plaintiff's Complaint related to ERISA interference because the Court dismissed this claim on September 3, 2021.  *See* Doc. 34.

## COUNT 5:

### TEXAS WHISTLEBLOWER ACT

47.0    It is unnecessary for the Defendant to admit or deny the allegations in ¶¶ 65-70 of Plaintiff's Complaint related to Texas Whistleblower Act because the Court dismissed this claim on September 3, 2021.  *See* Doc. 34.

## COUNT 6:

### FMLA INTERFERENCE

48.0    As to the averments set forth in ¶¶ 71-76 of Plaintiff's Complaint, the Defendant denies these averments.

## COUNT 7:

## FMLA RETALIATION

49.0    As to the averments set forth in ¶¶ 77-80 of Plaintiff's Complaint, the Defendant denies these averments.

## COUNT 8:

## VIOLATIONS OF SECTION 1983

50.0    It is unnecessary for the Defendant to admit or deny the allegations in ¶¶ 81-85 of Plaintiff's Complaint related to violations of Section 1983 because the Court dismissed this claim on September 3, 20201. *See* Doc. 34.

## DAMAGES

51.0    As to the averments set forth in ¶¶ 86-87 of Plaintiff's Complaint, the Defendant denies the averments and denies that the Plaintiff is entitled to any type of relief from the Defendant under any factual or legal theory asserted.

52.0    As to the averments set forth in the prayer section of Plaintiff's Complaint, the Defendant denies the averments and denies that the Plaintiff is entitled to any type of relief from the Defendant any factual or legal theory asserted.

## II.
## AFFIRMATIVE DEFENSES

1.0    The Defendant asserts the affirmative defense of limitations to the extent that any of the Plaintiff's claims are based upon events or acts which occurred outside of the applicable statute of limitations and for the Plaintiff's violations of any other timeliness requirements stated under the applicable statutes.

2.0    The Defendant asserts the defense of governmental and/or sovereign immunity as to any of the Plaintiff's claims for which there has been no statutory or express waiver.

3.0     The Defendant asserts that the Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to exhaust her administrative remedies.

4.0     The Defendant asserts that the Plaintiff's own acts and/or omissions caused or contributed to her injuries, if any.

5.0     The Defendant asserts that any employment decisions challenged by the Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons.

6.0     The Defendant affirmatively pleads that in the unlikely event that the Plaintiff proves the Defendant's decision was motivated in part or in whole by illegal discrimination, the Defendant affirmatively pleads that it would have taken the same action against the Plaintiff in the absence of any illegal discrimination.

7.0     The Defendant asserts the defense of business necessity.

8.0     The Defendant asserts lack of causation as to all of the Plaintiff's claims.

9.0     The Defendant asserts that the Plaintiff has failed to mitigate her damages, if any.

10.0     The Defendant asserts that the Plaintiff's claims, in whole or in part, are barred by unclean hands.

11.0     The Defendant asserts that some or all of the Plaintiff's claims are barred by the doctrine of laches.

12.0     The Defendant asserts that the Plaintiff's claims are barred by the doctrine of after-acquired evidence.

13.0     The Defendant asserts that some or all of the Plaintiff's claims are barred by fraud.

14.0     The Defendant asserts that some or all of the Plaintiff's claims are barred by waiver.

15.0     The Defendant asserts that some or all of the Plaintiff's claims are barred by estoppel.

16.0    The Defendant asserts that some or all of the Plaintiff's claims are barred by justification and privilege.

17.0    The Defendant asserts that compensatory damages awarded in this matter, if any, are subject to the applicable statutory damages caps provided by state and federal law.

18.0    The Defendant asserts that the Plaintiff's claims for damages for alleged violations of FMLA are limited by 29 U.S.C. § 2617.

19.0    The Defendant asserts that the Plaintiff's claims for damages for alleged violations the ADA are limited by 42 U.S.C. §1981a.

20.0    The Defendant asserts that exemplary or punitive damages are not recoverable against it.

21.0    The Defendant asserts that in the event that the Plaintiff has or will seek exemplary damages, the Defendant asserts the defense of the Due Process Clause of the Constitution of Texas and the United States, and the defenses to unreasonable exemplary damages set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

22.0    The Defendant asserts that in the event that the Plaintiff has or will seek exemplary damages, that exemplary damages must be proven by clear and convincing evidence.

23.0    Additionally, and/or in the alternative, to the extent that the Plaintiff attempts to seek the recovery of any medical expenses, the Defendant is entitled to an offset/credit similar to, and consistent with, the provisions of § 14.015 of the Texas Civil Practice & Remedies Code.

24.0    Additionally, and/or in the alternative, the Defendant asserts that in the event the Plaintiff is entitled to recover any medical damages arising out of this lawsuit, the medical damages are limited to the reasonable value of medical services. *See* RESTATEMENT (SECOND) OF TORTS § 911, cmt. h (1979).

25.0    The Defendant asserts that the Plaintiff submitted fraudulent documents related to her health condition as found by the Department of Labor investigation.

26.0    The Defendant asserts that the Plaintiff was terminated for reasons that included, among other things, her use of hostility, aggression, and racial slurs towards colleagues and customers at the City of Childress.

27.0    The Defendant asserts that the Plaintiff was disciplined during her employment for reasons unrelated to her alleged disabilities for reasons that included, among other things, harassment of customers and colleagues at the City of Childress.

28.0    The Defendant asserts that the Plaintiff was disciplined during her employment for failure to follow office policies and procedures; insubordination; substandard job performance; failure to perform the basic duties of her job; leaving work without authorization; making incorrect money deposits; and for being belligerent to customers.

29.0    The Defendant asserts that the Plaintiff was terminated for reasons that included, among other things, actions by her that violated state and federal criminal laws.

30.0    The Defendant asserts that following the termination of the Plaintiff, the City of Childress discovered that the Plaintiff had violated additional state and federal criminal laws and the Texas Utilities Code and for these reasons reinstatement is not an appropriate remedy.

31.0    The Defendant asserts that should it prevail in this case it is entitled to recover costs, expenses, and attorney's fees expended herein.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Childress respectfully requests that the Plaintiff take nothing by her suit herein and that the Defendant be awarded any and all expenses to which it is justly entitled, including attorney's fees, and that a judgment be entered accordingly by the Court.

Respectfully submitted,

/s/ Matt D. Matzner
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile:  (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
**Counsel for Defendant City of Childress**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 5th day of October, 2021, served as follows:

**VIA ECF**
Katherine Britton
1800 Main Street, No. 1802
Dallas, Texas 74201
kbritton@protonmail.com
**Counsel for Plaintiff**

/s/ Matt D. Matzner
OF COUNSEL