IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS,<br>   *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-007-Z |
| CITY OF CHILDRESS<br>   *Defendant.* | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION AND BRIEF FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

To the Honorable Judge Reno:

The Plaintiff submits this Response to Defendant's Motion and Brief for Leave to file it's answer and affirmative defenses to Plaintiff's Complaint. Due to its deliberate choices, Defendant's Answer is past due, and a motion for a default judgment has been filed in this case. As the grounds for her motion, the Plaintiff relies upon the record in this case, the declaration submitted herein, and respectfully states:

## BACKGROUND

1. On January 12, 2021, Plaintiff filed a Complaint with Jury Demand against the City of Childress alleging *inter alia* claims of FMLA interference and retaliation. (Dkt. No. 1)

2. Defendant had notice of the Complaint, which is evidenced by an executed Waiver of Service. (Dkt. No. 5).

3. The parties have both asked for extensions of time to the Court after conferring (See Dtk. No. 12). The Court has granted agreed motions for extension of time (See Dkt. No. 13).

4. On March 12, 2021, Defendant, through Mr. Matzner, filed a Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction. (Dkt. No. 7).

1

5. On Sunday, August 29th, 2021 at 8:43pm, without following the procedure for bringing discovery issues to the Court's attention outlined in the Court's Order Regarding Potential Discovery Disputes (Dkt. No. 18), Defendant filed "Notice of Plaintiff's Failure to Answer Interrogatories and Requests for Production filed by City of Childress." (Dkt. No. 33). The Notice contains Mr. Matzner's declaration, where he muses about Plaintiff's counsel's actions, "It is unclear if she has also missed an expert deadline, or has chosen not to designate an expert." Defense counsel then attempted to bring his own ideas about what the Court might do after a successful jury trial on the merits regarding a request for attorney's fees by stating, "Counsel for the Defendant believes that the Plaintiff may now be prohibited from seeking attorney's fees, even if successful on her claims, because no expert on attorney's fees has been designated, which occurs when a party seeks the recovery of attorney's fees."

6. On September 3, 2021, the Court denied Defendant's Motion to Dismiss as to Plaintiff's claims for FMLA interference and retaliation. (Dkt. No. 34). All counsel of record were notified through the Court's CM/ECF system.

7. In early September, counsel for Defendant and Plaintiff exchanged emails regarding outstanding discovery issues. (Ex. 2)

8. On September 10, 2021, pursuant to the Court's Scheduling Order (Dkt. No. 17), Plaintiff filed a Motion to Amend (Dkt. No. 35) and Amended Complaint (Dkt. No. 36) without including a certificate of conference. Defense counsel had previously indicated that he would oppose a motion for leave to amend the complaint without first seeing the proposed complaint. (Ex. 1).

9. On September 15, 2021 at 11:34 p.m., Mr. Matzner sent a follow-up email regarding a discovery conference stating "if we do not verbally confer and reach an agreement on the outstanding discovery issues by 3:00 p.m. tomorrow I will no longer engage in attempts to resolve this discovery matter without Court intervention." He also stated that "For many reasons I will now be in a position to have to ask the Court to extend the Defendant's expert designation deadline and expert report deadline by at least 45 days. Consider this a certificate of conference on extending those deadlines." He also stated "I will be seeking attorney's fees/ sanctions unless all outstanding discovery and proper (non-medical) authorizations are received by 2:00 p.m. tomorrow."

10. Counsel for plaintiff responded promptly the next morning, September 16, 2021 and stated that she would provide the discovery responses that she had previously agreed to produce and would call to discuss the issues raised. Included in the email, she stated "I also need to confer with you about my motion to amend pleadings."

11. Defense counsel did not file a Motion to Compel Discovery or a Motion for Sanctions/Attorney's Fees on September 16, 2021 or at all. Defense counsel did not let Plaintiff's counsel know that he had reconsidered his position.

12. Defendant's Answer as to Plaintiff's claims of FMLA interference and retaliation was due on September 17, 2021, fourteen days from September 3, 2021 pursuant to Rule 12(a)(4)(A).

13. That same day, September 17, 2021, all counsel of record conferred for over forty minutes. The topics discussed were outstanding discovery issues and the potential for a motion for a protective order, a motion to extend plaintiff's and defendant's expert witness designations deadlines, and Plaintiff's Motion for leave to amended her complaint. During

    this call, the parties discussed Plaintiff's FMLA claims and it was clear that defense counsel were aware of the Court's September 3, 2021 order. There was no mention of the need to obtain an extension to respond to Plaintiff's FMLA claims during the September 17 meet and confer or at any time thereafter. At no time did Plaintiff's counsel state that she would be filing a Motion for Leave to File an Amended Complaint during the week of September 20th. Instead, Mr. Matzner stated that *he* would be filing a motion asking the Court to extend the Defendant's expert designation deadline and expert report deadline during the week of September 20th. Counsel discussed Mr. Matzner's previous statement regarding Plaintiff's expert designation deadline and whether designating an expert regarding attorney's fees was needed.[1] Out of an abundance of caution, Plaintiff's counsel asked if defense counsel would be opposed to an extension of Plaintiff's expert designation deadline and defense counsel stated that he would be opposed. Plaintiff's counsel has not filed a motion seeking an extension or let defense counsel know that she would not be seeking an extension.

14. On October 4, 2021, Plaintiff's counsel attempted to have a conversation with defense counsel regarding the need for a Motion to Dismiss. Defense counsel referenced an unpublished opinion where the Bankruptcy Court overturned a default judgment against a *pro se* plaintiff who missed her deadline to file an answer.

15. On October 8, 2021, Defendant filed its Designation of Experts, the deadline set in the Court's Scheduling Order and did not file a motion asking the Court to extend the

---

[1] This Court has awarded attorney's fees without expert testimony and the Fifth Circuit has found that trial Courts are considered experts as to the reasonableness of attorney's fees in their districts, as are appellate Courts. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

Defendant's expert designation deadline and expert report deadline during the week of September 20th or at all.

## ARGUMENT AND AUTHORITIES

### Legal Standard

Fed. R. Civ. P. 6 (b) states that a Court may, for good cause extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. The Supreme Court has stated that while inadvertence, ignorance of the rules, or mistakes construing the rules *do not usually* constitute excusable neglect, excusable neglect under Rule 6(b) is an elastic concept not strictly limited to omissions caused by circumstances beyond the control of the movant. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The relevant factors for excusable neglect include but are not limited to "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 283 (5th Cir. 2019) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).)

In *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002), a *pro se* plaintiff appealed when a district Court dismissed his petition because it was time-barred and, alternatively, because the factual predicate for the petition could have been discovered earlier through the exercise of due diligence. The Fifth Circuit affirmed the decision stating, "we conclude that equitable tolling is not appropriate because Fierro's failure to file his habeas petition within the applicable limitations period is attributable *solely* to *his mistaken assumption* that the statute of limitations did not apply

to his petition. The record reflects no other practical or legal reason that would have prevented Fierro from filing his federal petition during the applicable limitations period."
*Id*. at 682 (5th Cir. 2002) (emphasis added).

### Defendant Cannot Establish Excusable Neglect Based on the *Pioneer* Factors

Defendant's reason for the delay and its argument that it acted in good faith employs the lawyer's adage that when the law is against you, argue the facts; when the facts are against you, argue the law; and when both are against you, attack your opponent. *Jandak v. Vill. of Brookfield*, 520 F. Supp. 815, 819 (N.D. Ill. 1981). Both defense counsel and plaintiff's counsel have represented to the other that they would seek relief from the Court or file motions with the Court. These representations have not always resulted in a follow-through of the filings. In fact, by not raising additional claims from Plaintiff's complaint, both parties and the Court will save time and resources in addressing a motion to dismiss.

Defendant seeks to raise thirty-one affirmative defenses and deny allegations raised in Plaintiff's Complaint. Defendant has claimed and the Court agreed that Plaintiff's previous discovery delays have impacted its ability to properly defend the lawsuit. The standard should apply fairly to both sides. If Defendant's motion is granted, its proposed Answer and Affirmative Defenses would require responsive motions to strike and motions for a more definite statement which would require Court action and delay the proceedings. Plaintiff's counsel had asked about defendant's responses to Plaintiff's claims and defenses since March 2021 (See Ex. 1) and unlike the Plaintiff in *Mottley v. Maxim Crane Works, L.P.* has not continued with discovery and proceeded as though an answer had been filed. Instead, Plaintiff has attempted to encourage settlement discussions and an efficient use of depositions based on the remaining claims.

### Defendant Cannot Establish Excusable Neglect; it Knew of It's Deadline and Willfully Chose Not to Answer Plaintiff's FMLA Claims

It is without question that failed to timely file an Answer by the September 17, 2021 deadline or request additional time to file an Answer before or on September 17, 2021. Now that the deadline has long passed and Plaintiff has filed a Motion to Dismiss, Defendant has attempted to argue that excusable neglect should apply because (1) it wanted to conserve resources and prevent unnecessary filings[2], (2) it acted in good faith reliance on the representations of Plaintiff's counsel that she would be filing an amended complaint.[3] Neither of these reasons constitute excusable neglect.

Like the Defendant here, the defendant in *Interscope Recs. v. Benavides* argued that her default was not willful, but constituted mistake, inadvertence or excusable neglect. 241 F.R.D. 458, 461 (W.D. Tex. 2006). Despite the fact that the defendant was *pro se*, the district Court found that her failure to timely answer was intentional and not excusable based on her affidavit that she was aware of the summons and complaint, that the summons indicated clearly that defendant was required to serve an answer on plaintiffs within 20 days and that if she failed to do so a judgment by default would be taken against her, and that she took no further action until she received the letter from plaintiffs' attorney that they were seeking a default judgment against her. *See Interscope Recs. v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006); *see also Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir.1984) (holding that a default is deemed willful where a defendant knowingly ignores the complaint without action).

---

[2] Def's Mot. for Leave to File Answer and Affirmative Defenses to Pl's Compl. at 2.
[3] Def's Mot. at 2, 3 (Plaintiff's counsel represented that she would be filing a Motion for Leave to file her amended complainti the next week which began on September 20, 2021).

While Defendant attempts to argue that its delay in filing an Answer was inadvertent,[4] that argument is belied by the deliberate act of failing to answer in spite of being aware of the deadline. *See* Decl. of Morgan Vaughan ¶ 3 and Decl. of Matt Matzner ¶ 3 ("defense counsel removed[5] the answer deadline from the calendar believing that it was no longer necessary . . . ."). While defense counsel's mistaken beliefs as to when a responsive pleading is necessary might have been genuine, their actions were deliberate and caused it to take no action on Plaintiff's Complaint until October 5, 2021, the day after being contacted by Plaintiff's counsel regarding its deficiency. *U.S. Fid. & Guar. Co. v. E.L. Habetz Builders, Inc.*, No. CIV.A. 06-895, 2008 WL 850431, at *6 (W.D. La. Mar. 28, 2008), on reconsideration, No. CIV.A. 06-895, 2008 WL 1849783 (W.D. La. Apr. 23, 2008) ("permitting a default judgment is an 'obvious' and 'egregious' instance of legal malpractice."). An amended complaint supersedes the original complaint and renders it of no legal effect *unless* the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985).

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's motion for leave to file Answer and Affirmative Defenses.

Respectfully submitted,

/s/Katherine Britton
Katherine Britton
State Bar No. 24090010 1800
1011 S. Pearl Expy
446
Dallas, Texas 75201

---

[4] Def's Mot. at 8, Decl. of Matt Matzner ¶ 9 ("The failure to file an answer . . . was not intentional.").
[5] Defendant characterizes the deliberate act of removing a calendared deadline and failing to file an answer as a "calendaring error" *See* Def's Mot. at 9.

        kbritton@protonmail.com
        (214) 475-2810
        Attorney for Plaintiff
        Debra K. Williams

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, a true and correct copy of the foregoing was served via the CM/ECF filing system upon all counsel of record.

*/s/Katherine Britton*