# Exhibit 1

# RE: Williams v. City of Childress

From: Matt Matzner <mmatzner@cdmlaw.com>

To: Katherine E. Britton <kbritton@protonmail.com>

CC: Morgan Vaughan <mvaughan@cdmlaw.com>

Date: Monday, March 22nd, 2021 at 4:49 PM

Last week was spring break for us.

We have availability to do the Rule 26 conference on April 26 or 27 in the morning one of these days.

Without seeing the proposed amended complaint, we are opposed to amending the complaint and also opposed to informal discovery at this time.  Your client should have the information you are seeking.  She has made numerous complaints to the EEOC, the Department of Labor, and the Texas Workforce Commission.  Our position with respect to the claims/defenses is reflected in the Rule 12 Motion.  We simply do not believe that this is a valid lawsuit.  We'll probably have to agree to disagree on this.

My office can put together the Joint Proposed Scheduling Order.  I'm thinking a trial ready date of April or May 2022 is what we should be looking at.

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:



**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Monday, March 22, 2021 3:49 PM
**To:** Morgan Vaughan <mvaughan@cdmlaw.com>; Matt Matzner <mmatzner@cdmlaw.com>
**Subject:** Re: Williams v. City of Childress

I have not heard back on my email below so I thought I'd check in again.

We do need to discuss regarding the scheduling order. Please let me know when works best for you.

Thank you,

Katherine

On Mon, Mar 15, 2021 at 09:15, Katherine E. Britton <kbritton@protonmail.com> wrote:

> Good morning Morgan and Matt,
>
> Do you have time to talk this week about Ms. Williams's claims and the City's defenses?
>
> I see from your motion to dismiss that Ms. Williams received her COBRA paperwork.  Was she given an FMLA eligibility notice, rights and responsibilities notice or indication of any deficiencies in her medical certification? Was there any documentation that the City of Childress did not approve Ms. Williams's FMLA leave request?  I can get that information in discovery, but if you provide it that would save time as I determine which claims to continue to pursue.
>
> I will most likely file a motion to amend the complaint. Would you be opposed or agreed?
>
> I look forward to hearing from you.
>
> Thank you,

Katherine

Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com

---

**6.06 KB**  1 embedded image

image001.gif (6.06 KB)

# Exhibit 2

# Re: Williams v. City of Childress--Discovery Issues

From:  Katherine E. Britton <kbritton@protonmail.com>

To:  Matt Matzner <mmatzner@cdmlaw.com>

CC:  Morgan Vaughan <mvaughan@cdmlaw.com>
Zebbe Hernandez <zhernandez@cdmlaw.com>

Date:  Thursday, September 16th, 2021 at 7:56 AM

Good morning, Matt
Thanks for your email. I understand your frustration and I will provide the discovery that I have promised.
The other issues might need to be resolved through a motion to compel and/ or a motion for a protective order.
I also need to confer with you about my motion to amend pleadings.
If you'd like to discuss the expert deadline we can do that. I'm not using an expert in this case and I'm not sure if you would like to designate an expert but if so we can talk about that.
I will give to a call tomorrow before 3 to discuss.
I hope you have a good rest of the day and I look forward to having a productive discussion with you tomorrow.

Thank you
Katherine


On Wed, Sep 15, 2021 at 23:48, Matt Matzner <mmatzner@cdmlaw.com> wrote:

> Katherine,
>
> I sent you the email below last week (on Wednesday) about having a second discovery conference the next day, Thursday, between 2:30 p.m. and 3:30 p.m.  This was in response to your request for an alternative time. However, you have never responded.  Instead, you were active in filing a motion for leave to file an amended complaint (and an amended complaint) shortly before midnight on Friday, September 10th.  A full week has transpired since my email to you about a conference.
>
> If we do not verbally confer and reach an agreement on the outstanding discovery issues by 3:00 p.m. tomorrow I will no longer engage in attempts to resolve this discovery matter without Court intervention.  Many, many weeks have passed and I still do not have proper discovery responses.
>
> Furthermore, and compounding the delay in getting discovery, you have refused to waive the time period for my outside records service to obtain medical records via a deposition on written questions which you (or your client) delayed in getting me discovery responses/authorizations.  I cannot now obtain the records until after my expert deadline passes.  There is no legitimate reason for you to refuse to waive the notice period because you asserted no objection to interrogatories or requests for production relating to the medical issue/authorizations.  This is another violation of Dondi.  For many reasons I will now be in a position to have to ask the Court to extend the Defendant's expert designation deadline and expert report deadline by at least 45 days.  Consider this a certificate of conference on extending those deadlines. Furthermore, I must have all documents before taking your client's deposition.

Case 2:21-cv-00007-Z-BR   Document 43-2   Filed 10/08/21   Page 7 of 10   PageID 572

This shall constitute again my good faith effort to resolve the discovery dispute without Court intervention, but I will be seeking attorney's fees/sanctions unless all outstanding discovery and proper (non-medical) authorizations are received by 2:00 p.m., tomorrow.  This deadline is not unreasonable.  You have had many weeks to complete discovery. I have explained the problems with the authorizations and the non-responses to discovery.  I have provided you with case law, but proper responses have not been received.

Sincerely,

/s/ Matt D. Matzner

Sent from my iPad

> On Sep 8, 2021, at 5:11 PM, Matt Matzner <mmatzner@cdmlaw.com> wrote:
>
>
> We can be available tomorrow afternoon between 2:30 and 3:30.  If something in that slot works, let me know.
>
>
> Matt D. Matzner, Partner
>
> Crenshaw, Dupree & Milam, L.L.P.
> P.O. Box 64479
> Lubbock, Texas 79464
> 806.762.5281
> 806.762.3510 (fax)
> mmatzner@cdmlaw.com
>
> Member:
>
> <image001.gif>
>
>
> From: Katherine E. Britton [mailto:kbritton@protonmail.com]
> Sent: Wednesday, September 8, 2021 10:35 AM
> To: Matt Matzner <mmatzner@cdmlaw.com>
> Cc: Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
> Subject: RE: Williams v. City of Childress--Discovery Issues
>
>
> Hi Matt and Morgan,
>
> Is there another time today that works for you or tomorrow any time after 10:30am?
> Thanks,
>
> Katherine

Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com

\-\-\-\-\-\-\- Original Message \-\-\-\-\-\-\-
On Tuesday, September 7th, 2021 at 3:39 PM, Katherine E. Britton <kbritton@protonmail.com> wrote:

> Thanks, Matt. I am not available this afternoon but I will try to reach you tomorrow.
>
> Katherine E. Britton
>
> (214) 475-2810
>
> kbritton@protonmail.com
>
> \-\-\-\-\-\-\- Original Message \-\-\-\-\-\-\-
> On Tuesday, September 7th, 2021 at 3:03 PM, Matt Matzner <mmatzner@cdmlaw.com> wrote:
>
>> Katherine,
>>
>> I have attached a letter with research explaining why you have not complied with Federal Rule of Civil Procedure 34.
>>
>> Matt D. Matzner, Partner
>>
>> Crenshaw, Dupree & Milam, L.L.P.
>> P.O. Box 64479
>> Lubbock, Texas 79464
>> 806.762.5281

806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:

<image001.gif>


**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Friday, September 3, 2021 4:17 PM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Morgan Vaughan <mvaughan@cdmlaw.com>; Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** Re: Williams v. City of Childress--Discovery Issues


Matt,


Thank you for your email.  If you have legal authority to support #1, please let me know. I disagree with your characterizations; I have provided an answer to each discovery request and have produced documents.

I will address your requests in #2 and #3.

#4 will need to be the subject of a protective order, which we need to confer about. Please let me know your availability to discuss.


Thank you,


Katherine



Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com




------- Original Message -------
On Friday, September 3rd, 2021 at 3:55 PM, Matt Matzner <mmatzner@cdmlaw.com> wrote:

Katherine,

Attached is correspondence relating to discovery that still needs to be answered/corrected, including verifications for the two sets of interrogatory responses.

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:

<image001.gif>