IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| CITY OF CHILDRESS, *Defendant*. | § § § | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE, LEE ANN RENO:

COMES NOW Defendant City of Childress and files its Reply Brief in Support of Its Motion for Leave to File Answer and Affirmative Defenses, and in support thereof would show the Court as follows:

**I.**

This Court has discretion on whether to allow for an out of time filing. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1. The facts and circumstances weigh heavily in favor of the granting the Defendant's motion.

Counsel for the Defendant did not intend for an attempt to have a partial default to be entered because responsive pleadings were filed. This is not a situation where a party was served and never filed anything indicating that a defense would not be asserted. Today this case has been pending for ten (10) months. Not counting this filing, (i) counsel for the Defendant has filed ten (10) pleadings, *see* Docs. 7-9; 15-16; 20; 22; 33; 40; and 42, (ii) has attended a Rule 16 Scheduling

Conference, *see* Doc. 19, (iii) propounded interrogatories (two sets), requests for admission, and a request for production to the Plaintiff; and (iv) attended a hearing regarding a discovery dispute, *see* Doc. 31. This clearly indicates that an intent to defend the Plaintiff's claims has already occurred.

The Court should permit the Defendant to file an answer out of time instead of allowing the Plaintiff to try and seek a partial default. The Defendant has clearly indicated an intent to defend the case by filing its actions in this case.

## II.

As reflected in the opening motion, and cited to the Plaintiff's counsel in email commination before the attempt to seek a partial default was filed, Judge Sam R. Cummings recently denied a party's attempt for entry of default when an answer was not timely filed after the ruling on a Rule 12 motion. *See* Ex. A (Judge Cummings' Sept. 8, 2020 Order).

In that *qui tam* case, the relator requested entry of default to the clerk pursuant to Federal Rule 55(a) of the Federal Rules of Civil Procedure because the Defendants had not filed an answer following the denial of a Motion to Dismiss for 73 days. *See* Cause No. 5:17-CV-052-C, *United States of America, ex rel. Howard Beck, M.D. v. St. Joseph Health System, et al,* Docs. 140, 142-143. In ruling on the Request for Default, Judge Cummings ordered the Defendants to file an answer and denied the Realtor's Request for Entry of Default and First Amended Application for Default Judgment. *See* Ex. A (Judge Cummings' Sept. 8, 2020 Order). The Order of Judge Cummings stated that:

> "As a general rule, the clerk of court should not make an entry of default if the defendant has answered, filed a motion to dismiss, or taken some action to otherwise defend." *Metropolitan Life Ins. Co. v. Goswick*, 2008 WL 11449057, at *1 (N.D. Tex. Apr. 4, 2008). Moreover, "[c]ourts generally have refused to enter a default judgment if the defending party has made any type of appearance in

> the suit by responding to the complaint." *Parker v. Bill Melton Trucking Inc.*, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016)(citations omitted).

*See* Ex. A (Judge Cummings' Sept. 8, 2020 Order). <u>In footnote 2 of that Order Judge Cummings also stated that because the Defendants had appeared, and actively participated in the litigation, including filing a motion to dismiss, this "eliminate[ed] any arguable basis for entry of default and default judgment."</u> *See id.* (emphasis added). The same reasoning applies Defendant City of Childress.

This is consistent with Fifth Circuit precedent which holds that in regards to requests for default judgments "[t]he Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default Judgments are drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).

## III.

The recent filings in this reflect a disagreement on whether counsel for the Defendant believed that the Plaintiff's counsel would be filing an amended complaint after a September 17, 2021 phone call. Additional communication concerning it and a phone recording by the Plaintiff's counsel is addressed herein. A copy of an email exchange between late evening on October 5, 2021 and October 8, 2021 is attached as Exhibit B.

After receiving a phone recording that attorney Katherine Britton made during an attorney conference, both defense listened to it. It is approximately 45 minutes in length. After listening to it the undersigned counsel sent an email to Ms. Britton, which in relevant part stated:

> With respect to your email on October 5th, I stand by what I said in my declaration. Obviously, Morgan and I did not have the recording

>   to assist us as you did. I have reviewed the recording and multiple times you state you will be amending. Starting at minute 43 there is a wrap up discussion concerning who will be filing what/when, and you state that you will be filing a motion to amend followed by confirmation that you'll be getting us discovery on Monday. It was our impression, and is still our impression, that all of that was to happen the next week (motions by both sides and discovery being provided). Again, we did not have the benefit of a recording as you have had. Thanks for providing it to us.

*See* Ex. B (emails between counsel). The Plaintiff's counsel disagrees, as reflected in her email responding. *Id.*

In short, each side disagrees on when an amended complaint would be filed. Now, the Plaintiff's counsel's October 8th email implies that an amended complaint will no longer be filed. *See* Ex. B (emails between counsel).

As also reflected in the communication, the parties are discussing depositions to likely take place on October 26 and 27. *See* Ex. B (emails between counsel).

## IV.

The Plaintiff's Response at 6 argues, in part, that if the Answer and Affirmative defenses are filed then the proceedings will be delayed because the Plaintiff will seek to strike or file a motion for more definite statement on the affirmative defenses the Defendant is raising. Although this may happen, in trial courts in the Fifth Circuit the "fair notice" pre-*Iqbal/Twombly* pleading standard applies to affirmative defenses. *See, e.g., United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 419 (S.D. Tex. 2014) (Costa, J.); *Ball v. Life Ins. Co. of N. Am.*, 3:17-CV-2366-L, 2017 WL 6621539, at *3 (N.D. Tex. Dec. 28, 2017) (Horan, J.); *Harrison Co. LLC v. A-Z Wholesalers, Inc.*, 3:19-CV-1057-B, 2021 WL 913286, at *2 (N.D. Tex. Mar. 10, 2021) (Boyle, J.). Regardless, potential motions should not serve as a reason to deny the Defendant leave to file its answer and affirmative defenses.

∞ ∞ ∞

All of these things, as well as the arguments and evidence in support of the Defendant's opening motion, reflect that the Defendant should be permitted to file an answer out of time.

WHEREFORE, PREMISES CONSIDERED, Defendant City of Childress respectfully requests that the Court grant its motion.

          Respectfully submitted,

          */s/ Matt D. Matzner*
          MATT D. MATZNER
          Texas Bar No. 00797022
          MORGAN DAY VAUGHAN
          Texas Bar No. 24060769
          CRENSHAW, DUPREE & MILAM, L.L.P.
          P.O. Box 64479
          Lubbock, Texas 79464-4479
          Telephone: (806) 762-5281
          Facsimile: (806) 762-3510
          mmatzner@cdmlaw.com
          mvaughan@cdmlaw.com
          **Counsel for Defendant City of Childress**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 12th day of October, 2021, served as follows:

**VIA ECF**
Katherine Britton
1800 Main Street, No. 1802
Dallas, Texas 74201
kbritton@protonmail.com
**Counsel for Plaintiff**

          */s/ Matt D. Matzner*
          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* HOWARD BECK, M.D., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| ST. JOSEPH HEALTH SYSTEM, *et al.*, | )<br>)<br>) |
| Defendants. | ) Civil Action No. 5:17-CV-052-C |

**ORDER**

For the reasons stated in Defendants' Response in Opposition, the Court hereby **ORDERS** that Relator's Request for Entry of Default and First Amended Application for Default Judgment be **DENIED**.[1] *See* Docs. 142-143. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants are hereby **ORDERED** to file an answer to Relator's First Amended Complaint by no later than September 14, 2020.[2]

SO ORDERED this 8th day of September, 2020.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] "As a general rule, the clerk of court should not make an entry of default if the defendant has answered, filed a motion to dismiss, or taken some action to otherwise defend." *Metropolitan Life Ins. Co. v. Goswick*, 2008 WL 11449057, *1 (N.D. Tex. April 4, 2008). Moreover, "[c]ourts generally have refused to enter a default judgment if the defending party has made any type of appearance in the suit by responding to the complaint." *Parker v. Bill Melton Trucking Inc.*, 2016 WL 1750643, at *2 (N.D. Tex. May 3, 2016) (citations omitted).

[2] The record reflects that Defendants have appeared, defended, and actively participated in this litigation from the outset—including the filing of a motion to dismiss and subsequent motion for reconsideration—thereby eliminating any arguable basis for the entry of default and default judgment

EXHIBIT A

**Matt Matzner**

| | |
|---|---|
| **From:** | Katherine E. Britton <kbritton@protonmail.com> |
| **Sent:** | Friday, October 8, 2021 10:05 AM |
| **To:** | Matt Matzner |
| **Cc:** | Zebbe Hernandez; Morgan Vaughan |
| **Subject:** | RE: Williams v. Childress  meet and confer request regarding untimely affirmative defenses |

Hi Matt,

Thanks for your email. I'm so glad to hear that your son is doing better.

I had planned to file multiple motions before and after our conference on September 17th that I have since reconsidered after speaking with you and thinking about what you said regarding the Title VII claim. The ERISA claim had already been dismissed. My deadline for leave to amend the complaint was September 10th anyway and I suspected that you would have opposed an extension of that deadline and even if I added additional claims a motion to dismiss would have followed which would have expended resources for both of our clients. That is the point of a meet and confer. We had both intended to file multiple motions that neither of us have filed.  Your declaration and motion stated that I said that I would be filing my motion for leave to amend my complaint during the week of September 20th. I understand that you were relying on your memory but it's not true that I said I would be filing my amended complaint then. I'm not sure how you can stand by those statements now.

Thank you for holding October 26 and 27 open for my corporate rep deposition. It was actually when I was preparing the topics that I realized that an answer had not been filed. You have alleged 31 affirmative defenses against my client, some of which involve fraud. If your motion for leave gets granted we can discuss my motion to strike and I'll provide you with my research.

I hope you enjoy your Friday and that you have a great weekend.

Thanks,

Katherine


Katherine E. Britton
(214) 475-2810
kbritton@protonmail.com



------- Original Message -------
On Friday, October 8th, 2021 at 9:39 AM, Matt Matzner <mmatzner@cdmlaw.com> wrote:


> Katherine,



EXHIBIT B

1

Thank you for your nice words concerning my son. He is doing better.

With respect to your email on October 5th, I stand by what I said in my declaration. Obviously, Morgan and I did not have the recording to assist us as you did. I have reviewed the recording and multiple times you state you will be amending. Starting at minute 43 there is a wrap up discussion concerning who will be filing what/when, and you state that you will be filing a motion to amend followed by confirmation that you'll be getting us discovery on Monday. It was our impression, and is still our impression, that all of that was to happen the next week (motions by both sides and discovery being provided). Again, we did not have the benefit of a recording as you have had. Thanks for providing it to us.

Regarding our affirmative defenses please identify which affirmative defenses you intend to strike and provide supporting reported case law, and we will consider your request and the case law in responding as to whether or not we oppose or do not oppose.

With respect to depositions, I am holding October 26 and 27 open for them. We can do your client on the 26th in person and City personnel on the 27th via Zoom. Let me know who you are wanting and if this will be a Rule 30(b)(6) deposition, a listing of the topics so that I can determine who will need to testify.

I will be out of the office most of the day today, as will Morgan.

Thanks

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:

2



**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Wednesday, October 6, 2021 1:26 PM
**To:** Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Zebbe Hernandez <zhernandez@cdmlaw.com>; Morgan Vaughan <mvaughan@cdmlaw.com>
**Subject:** RE: Williams v. Childress meet and confer request regarding untimely affirmative defenses

Hi Matt,

I'm so sorry to hear that and I wish you and your family the very best for your son's speedy recovery. Don't worry about a conference. I'll reach out to Morgan if I need to before filing my response on Friday and will hold off on any additional filings until we can have a meaningful discussion, schedules permitting.

Thanks

Katherine

Sent from ProtonMail for iOS

On Wed, Oct 6, 2021 at 13:10, Matt Matzner <mmatzner@cdmlaw.com> wrote:

> Katherine,
>
> Late last night my son went to the ER and was admitted to the hospital. I'm typing this from the hospital. Not knowing how things will progress today and tomorrow, I likely won't be able to talk tomorrow. I will try and respond to the email you sent last night later today or tomorrow. Also, I may be slow on responding to emails at this time.

3

Matt D. Matzner, Partner

Crenshaw, Dupree & Milam, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464
806.762.5281
806.762.3510 (fax)
mmatzner@cdmlaw.com

Member:



**From:** Katherine E. Britton [mailto:kbritton@protonmail.com]
**Sent:** Wednesday, October 6, 2021 11:51 AM
**To:** Morgan Vaughan <mvaughan@cdmlaw.com>; Matt Matzner <mmatzner@cdmlaw.com>
**Cc:** Zebbe Hernandez <zhernandez@cdmlaw.com>
**Subject:** Re: Williams v. Childress meet and confer request regarding untimely affirmative defenses


Could I get on your calendar tomorrow morning please?


Sent from ProtonMail for iOS


On Tue, Oct 5, 2021 at 20:04, Katherine E. Britton <kbritton@protonmail.com> wrote:

> Hi Morgan and Matt,
>
> I took a look at your filing and you were mistaken that I said that I would file an amended complaint the week after we spoke. You stated that you would file a motion to extend the expert designation deadline the following week. I think you conflated those two statements and mistakenly indicated to the court that I said that I would file my motion for leave to amend the complaint. I've put

4

the recording of our meet and confer into dropbox for your review and I hope that you will correct your mistake to the court so that I don't have to file this complete recording with the court.

I'm surprised that you calendared your answer deadline and then deliberately chose not to file an answer until now. I'm also surprised that you thought that you needed to wait until I filed an amended complaint in order to answer the FMLA claims. None of that reasoning should have been prompted by anything I told you. I highly doubt that the court would consider this to be good cause instead of a conscious action on your part.

Morgan, I tried calling you after I did not hear from Matt. I'm still willing to discuss my motion to dismiss if you are. Matt, I'd also like to better understand what you mean when you say that my actions are mean-spirited. That's a serious and troubling allegation. Court deadlines exist for a reason and I am representing my client within the bounds of my ethical duties.

Regarding your affirmative defenses, I would like to meet and confer with you on whether a motion to strike would be necessary.

Please let me know when you are available.


Thank you,


Katherine



Katherine E. Britton

(214) 475-2810

kbritton@protonmail.com

5

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA WILLIAMS, *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-007-Z-BR |
| CITY OF CHILDRESS, *Defendant.* | § § § | |

### DECLARATION OF MATT D. MATZNER PURSUANT TO 28 U.S.C. § 1746

NOW COMES Matt D. Matzner, and states the following pursuant to 28 U.S.C. § 1746:

"My name is Matt D. Matzner. I have personal knowledge of the facts stated herein. The facts stated herein are true and correct

1. Exhibit B is a true and correct copy of emails between counsel for Plaintiff and Defendant from 8:04 p.m. October 5, 2021 to 10:05 a.m. on October 8, 2021.

I declare under penalty of perjury that the foregoing is true and correct."

Executed on October 11, 2021.

/s/ Matt D. Matzner
MATT D. MATZNER

