IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DEBRA K. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-7-Z-BR |
| | § | |
| CITY OF CHILDRESS, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT LEAVE TO FILE ANSWER

Before the Court is Defendant's Motion and Brief for Leave to File Answer and Affirmative Defenses to Plaintiff's Complaint. (ECF No. 40). Having reviewed the motion, Plaintiff's Response (ECF 43), Defendant's Reply (ECF 44), and the papers on file, the Court concludes that Defendant's motion should be granted.

In this case, the Defendant has appeared and heavily litigated the case. On January 12, 2021, Plaintiff filed her complaint. Defendant waived service (ECF 5) and, on March 12, 2021, filed a motion to dismiss. (ECF 7, 15). Defendant then participated in creating a scheduling order (ECF 16), appeared twice before the Court (ECF 19, 25), conducted discovery, and filed other papers (*see e.g.*, ECF 20, 22, 33). When partially granting Defendant's motion to dismiss, the United States District Judge ordered the Plaintiff may file an amended complaint. (ECF 34). Seven days later, Plaintiff moved for leave to file an amended complaint, which was unfiled for failure to comply with local rules. (ECF 35, 36). Plaintiff never filed an amended complaint that complied with the local rules. Defendant's counsel believed that Plaintiff's counsel agreed to extend Defendant's deadline until after Plaintiff filed an amended complaint. (ECF 40 at 12).

Instead of filing an amended complaint, however, Plaintiff filed a motion for default

judgement. (ECF 39). That motion depends on a very strict reading of the Federal Rules of Civil Procedure. Later that day, Defendant moved for leave to file an answer outside the Federal Rules of Civil Procedure's deadlines. (ECF 40). The Court ordered expedited briefing, and the motion is now ripe.

A "court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept'" and include[s] late filings resulting from mistake, inadvertence or carelessness . . . ." *Zamarripa v. Farrakhan*, No. 3:16-cv-3109-S-BH, 2019 WL 1015095 at *3 (N.D. Tex. Jan. 15, 2019) (cleaned up). For the reasons in Defendant's motion, the Court finds that a late answer (1) will not prejudice Plaintiff, (2) will not delay the proceedings, (3) was due to excusable neglect, and (4) is permitted because Defendant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Ass. Lim. Partnership*, 507 U.S. 380, 388 (1993). Accordingly, Defendant has shown that it is entitled to an extension of its answer deadline.

Moreover, the "Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their *merits*, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (emphasis added). In this case, both parties' counsel had appeared in person before the Court, and they were in routine (if sporadic) communication. Defendant had filed a motion to dismiss. Both parties were working on the case's *merits*. This is not a case where a defendant had failed to "otherwise defend." *See* FED. R. CIV. P. 55(a); *see also* TEXAS LAWYER'S CREED, A MANDATE FOR PROFESSIONALISM, III, 11 ("I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intentions to proceed."). Plaintiff's counsel's motion for default judgment

seeks to ensnare Defendant through just such a prohibited procedural maneuver. The Court will not be complicit in such action.

Due to this case's past, the Court reminds the parties' counsel of their duties as an officer of this Court. "A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves." *Dondi Prop. Corp. v. Comm. Savs. & Loan Ass'n*, 121 F.R.D. 284, 287 (N.D. Tex. 1988). This is necessary because "[o]ur system of justice can ill-afford to devote scarce resources to supervising matters that do not advance the resolution of the merits of a case." *Id.* at 286. Further actions by the parties' attorneys that fail to advance this case to resolution may be met with sanctions.

Accordingly, the Court ORDERS that Defendant may file an answer or other responsive pleading on or before **October 27, 2021**.

IT IS SO ORDERED.

ENTERED October 13, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE